IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CODY HADDEN**
1007 Mary St, Apt 5
Emporia, KS 66801

        Plaintiff,        Case No. 17-2672

vs.

**CREDIT SYSTEMS INTERNATIONAL, INC**
Serve:

Corporation Service Company
2900 SW Wanamaker Dr, Ste 204
Topeka, KS 66614

        Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Cody Hadden, by counsel, and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to 15 U.S.C.§ 1692 *et seq*. (Fair Debt Collection Practices Act), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. 1331. Venue in this District is proper in that Defendant directed their collection efforts into the District.

### PARTIES

3. The Plaintiff is a natural person and resident of the State of Kansas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely medical services provided.

4. Upon information and belief, Defendant Credit Systems International, Inc. ("CSI"), is a corporation authorized to do business in the State of Kansas.

5. Defendant CSI is a debt collector as defined by 15 U.S.C.§ 1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

## FACTUAL STATEMENTS

6. Plaintiff obtained medical services through Southlake Radiology ("SLR") prior to July 30, 2016.

7. The Plaintiff encountered financial difficulty and could not pay those medical bills.

8. On June 20, 2016 the Plaintiff filed for chapter 13 bankruptcy relief in the District of Kansas, case number 16-21470.

9. At some point prior to the bankruptcy being filed, CSI was assigned or purchased the Plaintiff's delinquent debt owed to SLR.

10. Both SLR and CSI were included in the bankruptcy schedules.

11. CSI was sent multiple notices from the Bankruptcy Court regarding the Plaintiff's bankruptcy, including but not limited to, the Notice of Bankruptcy filing on August 1, 2016; the notice of Chapter 13 plan on August 1, 2016; and confirmation Order of the Court on October 21, 2016.

12. These notices were emailed to the Defendant at the address designated by the Defendant to the receive bankruptcy notices.

13. Per the Chapter 13 plan confirmed in October 2016, the balance due to be paid to CSI is $0.00.

14. In July 2017, Plaintiff reviewed his Equifax credit report.

15. CSI is reporting to Equifax that the account is an open collection account with a past due balance of $312.00 as of July 10, 2017. This page of Plaintiff's Equifax credit report is attached as Exhibit #1.

16. CSI's reporting to Equifax also fails to state that the account is in a current bankruptcy.

17. CSI continues to update Equifax with this information each month.

18. As a result of their collection activity, the Plaintiff has suffered actual damages in the form of frustration, inconvenience, postage costs and the loss of the full enjoyment of the automatic stay protection of the bankruptcy court.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

20. The Defendant CSI was attempting to collect a consumer debt as defined by 15 U.S.C. § 1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

21. The standard in determining whether the Defendant CSI violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F. 3d 233, 237 (2nd Cir. 1998); *Swanson v. Oregon Credit Service,* 869 F. 2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168, 1172-75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F. 2d 107, 111 (3d Cir. 1991).

22. 15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

23. Defendant CSI took collection efforts by continuing to report derogatory information each month the Plaintiff was in the bankruptcy, reporting the account as an open collection account with a balance and failed to report information pertaining to the current chapter 13 bankruptcy.

24. Specifically, Defendant CSI's acts violated the following subsections (2) the false representation of the character, amount, or legal status of any debt; (8) communicating or threatening to communicate to any person credit information which is known or which should be

known to be false, including the failure to communicate that a disputed debt is disputed; and (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

25. Therefore, the Plaintiff is entitled to recover actual damages, statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and for such other and further relief as may be just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cody Hadden respectfully requests this Court award the following:

a. actual damages against Credit Systems International, Inc.;
b. statutory damages against Credit Systems International, Inc. of $1,000;
c. attorneys' fees and costs of this action;
d. such other relief as may be deemed just and proper;

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

## DESIGNATION OF PLACE OF TRIAL

Please take notice that Plaintiff requests trial to be located in Kansas City, Kansas.

By: **/s/Ryan B. Patton**
Ryan B. Patton #78155
Ryan D. Knipp #23225
Patton & Knipp, LLC
12760 W 87th St Pkwy, Ste 108
Lenexa, KS 66215
Telephone: (913) 495-9998
Fax: (888) 720-1985
rpatton@pattonknipp.com
rknipp@pattonknipp.com
**COUNSEL FOR PLAINTIFF**